UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUINLAN MALLOY, <br><br> Plaintiff, <br><br> v. <br><br> CHICAGO POLICE OFFICER DANIEL MORRIN, ET AL., <br><br> Defendants. | No. 23 CV 2234 <br><br> Judge Georgia N. Alexakis |

ORDER

For the reasons set forth below, the Court grants defendants' motion to strike plaintiff's amended complaint. [27]. Plaintiff's amended complaint [24] is stricken. Defendants' motions to dismiss [26] [28] are denied as moot. Plaintiff is granted leave to file a second amended complaint on or before March 18, 2025.

STATEMENT

Plaintiff Quinlan Malloy's amended complaint concerns a May 30, 2020 protest he attended. But his allegations span over three decades, 57 pages, and 175 paragraphs. [24]. Defendants—the City of Chicago, Chicago Police Department (CPD) Superintendent David Brown, and CPD Officer Daniel Morrin—jointly move to strike certain paragraphs of plaintiff's amended complaint, or plaintiff's amended complaint in its entirety, under Federal Rules of Civil Procedure 8(a)(2) and 12(f). [27].

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 12(f), the Court "may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

There are two reasons the Court may grant a motion to strike. *Siegel v. HSBC Holdings, plc,* 283 F. Supp. 3d 722, 730 (N.D. Ill. 2017). The first involves a relevancy inquiry as to whether the contested paragraphs bear any possible relation to the controversy. *Volling v. Antioch Rescue Squad*, 999 F.Supp.2d 991, 1007 (N.D. Ill. 2013). Such an inquiry is not at issue here. The second reason, however, is the crux of defendants' argument: whether the contested language unduly prejudices the moving party. *Siegel,* 283 F. Supp. 3d at 730. A matter is prejudicial when it confuses the issues or is so lengthy and complex that it places an undue burden on the party

moving to strike. *Sun Life Assurance Co. of Canada v. Great Lakes Bus. Credit LLC*, 968 F. Supp. 2d 898, 903 (N.D. Ill. 2013).

Motions to strike are generally disfavored, but may be granted where the result removes "unnecessary clutter" and expedites the litigation. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). The question of whether to grant a motion to strike is within the district court's discretion. *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009).

Defendants move to strike paragraphs 25, 58–68, and 70–107, and the photographs on pages 5, 11–12, and 17–20, from the amended complaint (or, alternatively, to strike the entire amended complaint) [24]. Defendants argue that these allegations and photographs are inflammatory, irrelevant to plaintiff's participation in the May 30, 2020 protest and his injuries allegedly sustained at defendant Morrin's hands, and that they would be unduly burdensome to answer. [27] at 4.

The Court agrees that the amended complaint unduly burdens defendants. If made to answer plaintiff's amended complaint as it currently stands, defendants would have to investigate and respond to allegations concerning events that occurred more than 20 to 30 years ago, [24] ¶ 71(a)–(e), and attempt to authenticate and respond to 12 images of unidentified origin and subject, *id.* ¶¶ 21, 40, 65–68. As Judge Pallmeyer asked during a hearing in a related matter: "Who knows whether some of these things are true exactly as [plaintiff] pleaded them or whether or not the defendants would have to go into historic research to find out exactly what happened and when, who was involved?" *Cosby v. Rodriquez et al*, 1:23-cv-02236, [33] at 6.

The length and complexity of the amended complaint would also hamper the Court's efforts to effectively manage the case. *See Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994) (a needlessly prolix complaint makes it "difficult for the trial court to conduct orderly litigation" as it manages pretrial discovery, formulates pretrial orders, and applies res judicata).

Plaintiff does not dispute that his allegations unduly burden defendants. [36] at 13. Instead, he assures the Court that defendants will not be so prejudiced if they are simply excused from answering those paragraphs. *Id.* at 13–14. But plaintiff gets ahead of himself in assuming that the Court will grant defendants such excusal. The Court is not so inclined. It cannot find, nor does plaintiff cite, any method in the Federal Rules of Civil Procedure for "excusing" a defendant from answering certain allegations of a complaint. The Court also struggles to understand how plaintiff can argue in one breath that the paragraphs are "highly relevant" to his *Monell* claim, and then in the next, request that defendants "be excused from answering" those same paragraphs. [36] at 11, 14.

2

That contradiction aside, the Court appreciates plaintiff's argument that the paragraphs and photographs are relevant to his *Monell* claim. [36] at 11–12. The Court reminds plaintiff, however, that under Rule 8(a)(2), his complaint need only include a "short and plain statement of the claim showing that [he] is entitled to relief." He does not need to plead law, or allege "all, *or any,* of the facts logically entailed by the claim." *Frieri v. City of Chicago*, 127 F. Supp. 2d 992, 994 (N.D. Ill. 2001) (quotations omitted). The Court is confident that plaintiff can support his *Monell* allegations with a more focused version of his complaint that remains firmly within the bounds of Rule 8(a)(2).[1]

One final note: though defendants suggest that the Court may choose to only strike certain paragraphs and photographs in the complaint, without requiring that plaintiff file a new version of the complaint, [27] at 10, the Court disfavors such a piecemeal approach. In the interest of maintaining a cohesive record, the Court will instead strike the entirety of the amended complaint [24] and allow plaintiff to craft a second amended complaint in compliance with Rule 8(a)(2) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons set forth above, the Court grants defendants' motion to strike plaintiff's amended complaint. [27]. Plaintiff's amended complaint [24] is stricken. Defendants' motions to dismiss [26] [28] are denied as moot. Plaintiff is granted leave to file a second amended complaint, containing a short and plain statement of his claim for relief, on or before March 18, 2025.

The Court sets a status hearing for April 1, 2025, at 9:30 a.m. for the parties to discuss any further dispositive motion practice anticipated in this matter.

Date: February 24, 2025

Georgia N. Alexakis
United States District Judge

---

[1] To the extent plaintiff may be concerned that paring back his *Monell*-related allegations will leave the complaint vulnerable to a Rule 12(b)(6) motion arguing that the *Monell* claim has been thinly pleaded, the Court trusts defendants will stand by the assurances they provided in another matter, when a similar motion to strike was resolved, that they would not advance such an argument. *See Cosby v. Rodriquez et al*, 1:23-cv-02236, [48] at 21–23.